Case 4:16-cv-02467 Document 1-4 Filed in TXSD on 08/11/16 Page 1 of 11

5/27/2016 4:18:48 PM
Chris Daniel - District Clerk Harris County
Envelope No. 10875154
By: Nelson Cuero
Filed: 5/27/2016 4:18:48 PM

2016-35286 / Court: 215

CAUSE NO. _____

| | | |
|---|---|---|
| JEFFERY DICKSON, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |
| STATE FARM LLOYDS, | § | |
| | § | |
| *Defendant.* | § | |
| | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Jeffery Dickson ("Plaintiff" or "Mr. Dickson") files this Plaintiff's Original Petition & Request for Disclosure against State Farm Lloyds ("Defendant"), and respectfully shows the Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Discovery Control Plan Level Three of the Texas Rules of Civil Procedure and requests the Court to enter an Order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this specific case.

### PARTIES

2. Plaintiff, Jeffery Dickson, is an individual and a resident of Houston, Texas.

3. Defendant, State Farm Lloyds, is an insurance company licensed to do business in the State of Texas, and may be served with process by serving its agent for service, Corporation Service Company c/o State Farm Lloyds, 211 E. 7th St., Suite 620, Austin, Texas 78701.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this cause, as the amount in controversy and damages sought by Plaintiff exceed the minimum jurisdictional limits of this Court and are less than $75,000.00.

5. This Court has jurisdiction over the parties because they are a corporation doing business in Texas and/or an individual that resides in Texas.

6. Venue is proper in Harris County, Texas, pursuant to Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because Harris County, Texas is the county in which all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. The laws of the state of Texas apply to the subject matter of this dispute.

## FACTS

7. Plaintiff had an insurance policy with State Farm Lloyds that covered his home, policy number 53-N6-9534-9 (hereinafter the "Policy"). Plaintiff's residence is located at 10211 Briar Rose Dr., Houston, Texas 77042-2425 (hereinafter the "Property"). On or about April 10, 2014, damage was done to Plaintiff's Property due to pipes that were broken underneath the Property (hereinafter the "Claim"). Plaintiff submitted the Claim related to this covered loss under the Policy and Defendant ultimately wrongfully denied the Claim.

8. Later on March 13, 2015 Plaintiff was informed that, on April 19, 2015, Defendant would wrongfully cancel his Policy citing the same wrongful reasons for denying the Plaintiff's original Claim.

## CAUSES OF ACTION

### Negligent Misrepresentation

9. Plaintiff realleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

10. Plaintiff sues Defendant for negligent misrepresentation. Defendant, either individually or through its authorized agents, employees or representatives, solicited Plaintiff and made several false representations regarding Defendant's readiness, willingness and ability to fulfill the terms and duties placed on it by the terms of Plaintiff's Policy (an insurance agreement).

11. These representations led Plaintiff to rely upon Defendant and were a material basis for his decision to enter into the Policy. Absent the misrepresentations made by the Defendant, or its authorized agents, employees or representatives, Plaintiff would not have entered into the Policy with Defendant.

12. Defendant, its authorized agents, employees or representatives, either knew or should have known that these representations were false and made for the purpose of deceiving Plaintiff so that he would rely on said misrepresentations to Plaintiff's detriment. As such, Defendant's misrepresentations have caused Plaintiff to suffer damages for which he now seeks compensation.

### Breach of Good Faith and Fair Dealing

13. Plaintiff realleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

14. Defendant, as Plaintiff's insurance company, at all times during the claims

process owed a duty of good faith and fair dealing. Defendant's acts and omissions violated that duty and Plaintiff was damaged as a result.

## Breach of Contract

15. Plaintiff realleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

16. Defendant, through its various contractual relationships with Plaintiff, breached its contracts with Plaintiff through its acts and omissions and/or through the acts and omissions of its authorized agents, employees or representatives, and has caused damages to Plaintiff that are greater than the minimal jurisdictional limits of this Court.

## Money Had & Received/Unjust Enrichment

17. Plaintiff realleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

18. Defendant, by refusing to present Plaintiff with his rightful insurance proceeds stemming from his Claim, has caused Plaintiff to suffer an unconscionable loss and defendant is unjustly enriched as a result.

## Negligence

19. Plaintiff realleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

20. At all times Defendant owed the duty of reasonable care to Plaintiff. Defendant, through its acts and omissions and/or through the acts and omissions of its authorized agents, employees or representatives, has breached that duty of care

and caused damages to Plaintiff.

### Texas Insurance Code Violations

21. Plaintiff realleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

22. Defendant violated numerous provisions of the Texas Insurance Code, Article §541.060 that include:

    a. misrepresenting to claimant a material fact or policy provision relating to coverage at issue;

    b. failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:

        i. a claim with respect to which the Defendant's liability has become reasonably clear;

    c. failing to promptly provide to a Plaintiff a *reasonable* explanation of the basis in the policy, in relation to the facts or applicable law, for the Defendant's denial of a claim;

    d. failing within a reasonable time to:

        i. affirm or deny coverage of the Claim to Plaintiff; or

        ii. submit a reservation of rights to Plaintiff;

    e. refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage when such coverage was or should have been available to Plaintiff at the time;

    f. refusing to pay a claim without conducting a *reasonable* investigation with

Certified Document Number: 70438565 - Page 5 of 10

respect to the claim;

TEX. INS. CODE ANN. §541.060 (Vernon).

23.     Defendant has also violated Article §551.052 of the Texas Insurance Code that prevents the wrongful cancellation of a renewal or continuation policy. The reasons for cancellation were not within the permitted reasons for cancellation pursuant to Article §551.104 of the Texas Insurance Code. In addition to containing invalid reasons for cancellation in violation of the aforementioned statute, Defendant sent Plaintiff a letter notifying him of this cancellation of his policy on March 13, 2015 giving him an expiration date of April 19, 2015. Pursuant to Article §551.054(b) of the Texas Insurance Code the notice must be delivered or mailed **not later than** the 60th day before the date on which the policy expires. This failure was a misrepresentation as pursuant to the statute Plaintiff's policy could not be cancelled on April 19, 2015.

24.     Defendant's violation of the above provisions caused damages to Plaintiff that are greater than the minimal jurisdictional limits of this Court. Plaintiff is entitled to relief in accordance with Articles §541.152(a) of the Texas Insurance Code.

25.     Plaintiff is also entitled to additional damages pursuant to Article §541.152(b) because Defendant violated that statute knowingly.

### Violations of the Texas Deceptive Trade Practices Act

26.     Plaintiff realleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

27.     Plaintiff was a consumer of Defendant's insurance as defined by the Texas Deceptive Trade Practices Act;

28. Defendant violated Texas Business & Commerce Code Ann. §17.41, *et seq.* by violating Sections 17.46(a), 17.46(b)(5), 17.46(b)(12) and 17.46(b)(23), each of which are incorporated by reference.

29. Defendant engaged in practices in violation of the aforementioned sections of the Texas Business & Commerce Code by falsely representing to Plaintiff that the Policy which he purchased covered claims such as that asserted and denied in Plaintiff's Claim.

## Respondeat Superior

30. Pursuant to Texas State law, Plaintiff pleads a cause of action against Defendant for vicarious liability for the acts of its authorized agents, employees or representatives. The allegations contained in all of the paragraphs of this Petition are hereby reaverred and realleged, for all purposes, and incorporated herein as set forth verbatim.

31. At the time of the incident in question, and at all times relevant to the lawsuit, Defendant acted through authorized agents, employees or representatives.

32. At all times, Defendant had the right to control the conduct and the details of the work of their authorized agents, employees or representatives and each were acting within his general authority, in furtherance of Defendant's business, and for the accomplishment of the object for which they were hired. Thus, Defendant, under a theory of respondeat superior, is vicariously liable for the acts and omissions of their authorized agents, employees or representatives, who were employed by or in an agency or contractual relationship with Defendant at all times material to this

matter, and Plaintiff hereby invokes the doctrines of agency, respondeat superior, ostensible agency, and/or agency by estoppel with respect to that relationship. Such acts and/or omissions include those identified in all paragraphs above.

## DAMAGES

33. As a direct and proximate result of the acts, omissions, breaches and violations more fully described above, Plaintiff has been damaged by Defendant's acts and/or omissions and those damages are within the jurisdictional limits of this Court.

34. Ultimately, Plaintiff will ask a jury of his peers to assess a fair and reasonable amount of money damages as compensation for his economic and non-economic injuries, as well as punishment for Defendant's actions. These damages will include statutory penalty interest and consequential damages. Additionally, Plaintiff seeks pre- and post-judgement interest, costs of court, and reasonable and necessary attorney's fees.

## EXEMPLARY DAMAGES

35. Defendant's actions as described above were intentional and made with knowing disregard for Plaintiff's rights and/or with malice toward Plaintiff. Plaintiff prays for punitive damages in addition to compensatory damages.

## ATTORNEYS' FEES

36. Plaintiff has been required to obtain legal counsel as a result of Defendant's intentional acts and omissions. As a result, Plaintiff has and will incur attorney's fees and expenses prosecuting her claims. Plaintiff is therefore entitled to recover her reasonable and necessary attorney's fees under both the Texas Insurance Code and

Texas Civil Practices & Remedies Code Ann. §38.001 *et seq*.

## CONDITIONS PRECEDENT

37.     All necessary conditions precedent to the filing of this suit have been made, or will be, met as required by law.

38.     Plaintiff engaged Counsel to represent him in this matter on May 23, 2016. Per Tex. Ins. Code Ann. §541.154, Plaintiff was not required to provide written notice 60 days prior to the filing of this suit as doing so would be impracticable as the action must be filed to prevent the statute of limitations from expiring.

## JURY DEMAND

39.     Plaintiff requests a trial by jury pursuant to Rules 216 and 217 of the Texas Rules of Civil Procedure.

## REQUEST FOR ELECTRONIC SERVICE

40.     Plaintiff requests that service of pleadings, orders, notices, discovery, and papers in this cause be made electronically upon her attorneys. Plaintiff's attorneys hereby affirm awareness of the right to later rescind this agreement by filing notice.

## REQUEST FOR DISCLOSURE

41.     Plaintiff requests that Defendants produce responses to the Requests for Disclosure pursuant to Rule 194.2 (a) – (l) of the Texas Rules of Civil Procedure.

## CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Jeffery Dickson, request that Defendant, State Farm Lloyds, be cited to appear and answer herein, and that

upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant for the following:

a. Actual and consequential damages;

b. Punitive and additional damages;

c. Statutory interest of 18% per annum;

d. Attorneys' fees and expenses;

e. Pre- and post-judgment interest at the maximum legal rate;

f. Costs of suit; and,

g. All other and further relief, at law or in equity, to which Plaintiff may show he is justly entitled.

Respectfully submitted,

THE LOWENBERG LAW FIRM, PLLC

By:  /s/ *Michael J. Lowenberg*
MICHAEL J. LOWENBERG
Texas Bar No. 24001164
ANDREW D. KUMAR
Texas Bar No. 24075913
7941 Katy Freeway – Suite 306
Houston, Texas 77024
Telephone: 1-832-241-6000
Facsimile:  1-832-241-6001
Mike@thetexastriallawyers.com
andrew@thetexastriallawyers.com

**ATTORNEYS FOR PLAINTIFF, JEFFERY DICKSON**



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   August 11, 2016

Certified Document Number:      70438565 Total Pages:  10

*Chris Daniel*

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**